Good morning. May it please the court, I'm Matt Adams with Northwest Immigrant Rights Project on behalf of the petitioner Miguel Mandujano-Real. The government evidently acknowledges that the agency's decision cannot be supported by the law. Their brief doesn't attempt to defend the agency's decision. Rather, they request that this court remand the case to the board. But they request that it be remanded without first resolving the legal issue that is presented. This is inappropriate, as clarified by this court's case law. The government errs in citing to the Supreme Court's cases in Ventura and Thomas. In this case, the agency was already presented with the legal question and already ruled on the legal question. They already ruled that Mr. Mandujano's aggravated felony conviction, rather his conviction for identity theft, qualifies as an aggravated felony. This is the only issue that is presented to this court, and indeed it was the only issue that was presented to the board on the administrative appeal. Thus, the board was already forced to squarely address the issue at hand. This court's cases in Kawashima, Fernandez-Ruiz, and Mohamed all reconfirmed the basic principle that where the agency has already addressed a legal issue or has already had an opportunity to submit documents to regarding a legal issue, the proceeding should not be remanded to afford them another opportunity. In this case, the government argues that the remand is appropriate without ruling, but the agency already ruled on the only issue. And I'd like to turn to that issue, if I may, which is whether identity theft or not. How do you know that the board didn't decide it on the same basis that the I.J. decided it? The board summarily adopted the finding of the immigration judge. And that was that it was waived? I'm sorry? That was that it was waived. Not that it was necessarily waived. I mean, on appeal, this was a pro se individual who appeared before the immigration judge, and he said they asked him if he conceded that he had been convicted of identity theft. And he conceded that, and then the judge explained to him that the government asserts that that makes him removable because of his identity theft conviction. And at first, there was some dialogue regarding whether it was a six-month or a 13-month sentence. But in the end, when they established it was a 13-month sentence, the immigration judge instructed that this shows that he's removable and asked him, did he understand? And he said, yes, he understood. But then, within a few minutes, he said he wanted to appeal that decision. And in his pro se appeal, that's all he wrote down there, was that it's not an aggravated felony theft offense because identity theft doesn't necessarily involve property. That was the only issue that he presented to the board. But is it possible that the board, in affirming, affirmed on the basis that he had conceded that he was removable? Well, I would say anything's possible because all we have is a rubber stamp approval. But what we have here is a pro se individual, and case law from this court making very clear that when the immigration judge is dealing with a pro se individual, the immigration judge has a special responsibility to assure that that individual understands not only all the rights that they have, but also the opportunities they have to submit any applications for relief. And this did not occur in this case. We had a pro se individual who wanted to file cancellation of removal but was denied this opportunity because the judge found that his identity theft conviction qualifies as an aggravated felony. So your position is that the only basis on which the BIA could have decided is that it thought that this offense constituted an aggravated felony? That is correct. Now, what's the law on whether or to what degree the admission by an unrepresented alien that a prior crime was or was not within a disabling legal category? Is an unrepresented lay person capable of admitting to his own detriment that this earlier crime at issue was or was not an aggravated felony? Not only is an unrepresented person not capable of admitting something that isn't, as a legal matter, correct, but even someone who has legal representation. If you look at this court's decision in Garcia-Lopez, there the individual had a legal representative who conceded that the crime or that the conviction was a felony and that precluded that individual from qualifying for relief. But this court clarified in Garcia-Lopez that an individual cannot concede to something that does not exist as a matter of law. Where we normally see individuals in trouble in this context is where you have a pro se individual who concedes to something that isn't correct as a matter of law, but then on their brief to the BIA, they fail to make the argument, and therefore they exhaust their claim. But here we don't have a problem of someone's failure to exhaust the claim. They raise this claim directly with the board. Well, you wanted to get to the merits in case we decide that. I'll stop. Thank you. So in this case, the court, in its en banc decision in Corona-Sanchez, has already laid out the definition of what a theft offense is. It is the taking of property or exercising control of property without consent, with a criminal intent to deprive the owner of the rights and benefits of ownership. The Oregon revised statute can only meet this theft offense if it requires a finding of all three of these elements, of taking a property without consent, with criminal intent to deprive the rights and benefits of ownership. In this case, Oregon revised statute punishes conduct that does not include any of these three elements, let alone all three as is required. Let me ask you, if you were to assume that property could include intangible property, would you still have a problem here because in the case of a person who didn't exist, that there wouldn't be any persons who intangible property had been taken? For example, if you look at the separate elements, I still think you're able to go through and say it wouldn't satisfy that even if you have this, if you've agreed that intangible information can qualify as property. If you look at this court's case in Navarres, there they found that even though the statute required knowledge that the property belonged to another, it still required a criminal intent to deprive the owner of that property. And here it's not necessary that there be this criminal intent. For example, I could be convicted under the statute for using the driver's license number of another person and filling out a job application, or using an immigration number of another person to fill out a job application. I'm doing that, I'm submitting a fraudulent application, I'm liable under the statute, but there's no need to demonstrate criminal intent to deprive the true owner of the rights and benefits of their driver's license number or of their immigration number. And the person could be dead is another example. Exactly. You could use a number that didn't belong to anybody. You could make up a false, if you made up a false identification, so it didn't belong to actually any person, you could still be convicted under the statute. Is that right? That's correct. Under subsection 4A, it clarifies another person means a real person, whether living or deceased, or an imaginary person. Likewise, in Corona Sanchez, this Court clarified there must be property. Theft of property or services was insufficient in that case. It has to be theft of property. And when you're dealing with a taking of fictional identity information, there's not any demonstration that you have a taking of property. You have two minutes left if you want to save it for rebuttal. Thank you. Good morning, Your Honors. May it please the Court. Kelly Walls for the Respondent, the Attorney General. Mr. Monduhanu was charged with removability for having been convicted of an aggravated felony and a controlled substances violation. Mr. Monduhanu does not contest the controlled substances violation. Therefore, the issue in this case is whether Mr. Monduhanu's identity theft conviction constitutes an aggravated felony, barring him from cancellation of removal. The Respondent respectfully renews his request that this case be remanded to the Board of Immigration Appeals for it to further explain its decision that Mr. Monduhanu's conviction for identity theft is an aggravated felony theft offense, or alternatively to afford Mr. Monduhanu an opportunity to apply for cancellation of removal. Now, why should the BIA be given an opportunity to explain its decision? Under the principles set forth in SEC v. Chenery, the Courts of Appeals cannot exercise their duty of review if the agency's decision is not clearly explained. In this case, the Board summarily affirmed the immigration judge's decision, which was essentially a conclusion that it was an aggravated felony theft offense. You know, that Chenery decision doesn't strike me as very apt. We use that decision to go back and say we want you to explain it when we have trouble making a decision. We reverse a lot of decisions, not merely the BIA, when there's some difficulty in the explanation. But nonetheless, the record is clear enough for us to understand the legal issues. So I'm not sure that case gets you where you want to get. Okay. I would also suggest that because it was an affirmance without opinion, this Court has afforded the Board a second opportunity. For example, in Chong Qin Shen v. Ashcroft, the Board summarily affirmed the immigration judge's decision that an alien was ineligible to adjust status. What's your view of the merits as to whether or not this is a generic theft offense? In my opinion, I do not believe on this record it shows categorically that Mr. Monduhanu was convicted of an aggravated felony theft. Now, when you say my opinion, are you talking personally or as a representative of the government? We would suggest that if the Court does reach the merits of the decision, that it be remanded for Mr. Monduhanu to be afforded the opportunity. I'm asking a different question. Let me finish. You answer Judge Fletcher's question, and then I want to ask you about the cancellation issue. My question is, do you as a representative of the government have a position on the question as to whether or not this Oregon identity theft statute is a generic theft offense? Categorically, no, it does not. And for the reasons that Mr. Adams set forth, particularly dealing with the imaginary people. So if we have that situation, you agree that it's not categorically a theft offense, and he agrees with you, and we might agree with you as well. And so assuming we all agreed, would you explain then if it were remanded for the limited purpose of permitting him to do what, to apply for cancellation of removal? Yes. Mr. Monduhanu would remain removable on the controlled substances violation, but that conviction would not prevent him from applying. So all you're asking for remand is on the issue of whether what happens to him under the facts that he's convicted of a, has been convicted of a controlled substance violation. I'm not sure I understand. You want to proceed with your question of what to do with him on the basis that he has been convicted of a controlled substances violation. Yes. You're not interested in pursuing the statute that's before us, where we all agree that he's, that's not, that's out of the picture now, right? On this record, I don't see that. Okay. So really all you're saying is if we were to say that the government has essentially acknowledged that this is not a removable offense, it would be remanded for further proceedings in connection with controlled substance, and he would be permitted to apply for cancellation of removal. I'm sorry? Let me ask another question related to the generic theft offense. Yes. You heard the exchange on the question as to whether or not an unrepresented defendant can admit illegal characterization, which turns out to be wrong, and have that be held against him. Do you agree with the position stated by your adversary on that question, that the admission is not, not to be held against him in these circumstances? In this circumstance, I believe that is correct because of the nature of the statute of conviction under this Court's decision in Huerta-Guevara v. Ashcroft. The Court held it precisely. Alien could not. So once that happens, I can't see that the government, when it goes back down, even if the question of generic theft offense were to come up, the government says, listen, that was just a mistake. Essentially, that's correct. We would just, we would like to afford the Board an opportunity for it to say that in the first instance. Given this is a fairly novel legal issue, there is not any existing Board or Federal Court precedent on this Oregon statute. And because it was an affirmance without opinion on a novel legal issue, we'd like the Board to speak on it. But, of course, on this issue, the Board gets no deference. No, that is correct. So if we gave them the controlling law, then we could save them some time, energy, and money, right, on that issue? I don't know if the Board would look at it that way, but yes. So in conclusion, I would just like to say that we would, the government would like the Court to remand it to the Board of Immigration Appeals, first, for it to speak on the issue directly, and secondly, to afford Mr. Mondo-Hano an opportunity to apply for cancellation. But on the first thing, we're in total agreement if you have a question. Who gets to say it? Yes. Okay. Thank you. Thank you. Thank you. The case is arguably submitted. Next case for the calendar is Kozlov v. Mukasey, and that is submitted on the briefs.
judges: Reinhardt, McKeown, Fletcher